Russell v. Chicago & Milwaukee Electric Ry. Co.

| 98 | 347 |
| r205s | 155 |

---

## Anna May Russell v. The Chicago & Milwaukee Electric Ry. Co. and The North American Ry. Construction Co.

1. CHANCERY PRACTICE—*Where a Decree is Based upon Evidence Not Incorporated in the Record.*—Where the evidence upon which a decree is based is not incorporated in the record the facts recited in the decree must be taken as true; and if the findings of the decree are sufficient, it must be sustained; if not, it must fall.

2. SAME—*Directing Feigned Issues.*—Where a court of equity directs a feigned issue to be made the order directing it should provide that such issue be tried by a jury unless the parties waive the jury and elect to try it by the court.

3. EMINENT DOMAIN—*Condemnation Proceedings—By Whom to be Instituted.*—In a proceeding by the owner of real estate against an electric railway company to enjoin it from constructing its road upon his premises a decree ordering him to institute proceedings to have his damages ascertained is improper, as such proceedings must be instituted by the railway corporation in the manner required by the statute providing for the exercise of eminent domain.

**Bill for an Injunction.**—Appeal from the Circuit Court of Lake County; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the October term, 1900. Affirmed in part, reversed in part and remanded with directions. Opinion filed October 8, 1901.

BOWEN W. SCHUMACHER, attorney for appellant.

WOOD & OAKLEY, attorneys for appellees.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a bill in chancery filed in the Circuit Court of Lake County on May 19, 1899, by Anna May Russell against the Chicago and Milwaukee Electric Railway Company and the North American Railway Construction Company, praying for a temporary injunction restraining the defendants from constructing an electric street railway and certain trestle work and from cutting trees and erecting telegraph poles in front of complainant's premises, upon what was known as Railroad avenue. The bill also asked that upon a final hearing said Chicago & Milwaukee Electric Railway Company be perpetually enjoined from the further construction of said proposed work and from operating and maintaining a system of electric railways over said so-called Railroad avenue in front of complainant's premises, which alleged street in front of her premises complainant claimed to own, and that defendants be required to remove the obstructions theretofore placed by them in said alleged street and to restore the latter to its former condition. A temporary injunction was granted in accordance with the prayer of the bill. Afterward, on June 7, 1899, the injunction which had extended over the full width of the strip of land known as Railroad avenue, which was sixty-six feet, was dissolved as to the west thirty-three feet thereof, upon defendants giving bond in the sum of $5,000 conditioned for the payment of the amount of any judgment or decree or the award of any arbitrators that might be entered against them in favor of complainant for damages caused by the use of the west thirty-three feet of said Railroad avenue, opposite complainant's premises. Defendants having afterward filed an answer to the bill, and complainant her replication thereto, a hearing was had, and on March 6, 1900, a decree was entered from which this appeal is taken.

The evidence upon which the decree in this case is based, is not incorporated in the record by means of a certificate

of evidence, and consequently the facts recited in the decree must be taken as true.   If the findings of the decree are sufficient it must be sustained; if not, it must fall.

The decree in this case was a very lengthy one and contained findings on many different questions.   It is sufficient to say here, however, that it found that appellant was the owner of lots 151, 152 and 153 of South Highland addition to Highland Park in Lake county; that said lots faced and abutted upon what was known in the plat of said addition, recorded in the office of the recorder of said county of Lake, as Railroad avenue; that said avenue was sixty-six feet in width; "that complainant acquired title to the fee of the east thirty-three feet of that property described in said map or plat as Railroad avenue, subject to any easement that the public or town authorities might acquire therein, by reason of said real estate being platted as a street, should the public or town authorities choose to accept said dedication, and said complainant also acquired title to the fee of the whole of said street in front of said lots, subject as aforesaid to any rights the public or town authorities or the owners of the other lots in said subdivision may have therein, by reason of said map or plat, should the public or town authorities choose to accept the dedication made by said plat and use the same for a public street;" that said Railroad avenue "had never been recognized or accepted as a public highway by the public authorities of the town of Deerfield, or the town of East Deerfield, or the city of Highland Park, and that the only work done or repairs made therein had been done and made south of Roger Williams avenue and that the complainant herein, Anna May Russell, on account thereof, owned the fee to the whole of said Railroad avenue in front of her said lots, subject, however, to the rights of the public to accept said so-called Railroad avenue as a street, should they wish to do so."   The decree thereupon proceeded to direct that an issue be made and the following questions determined by a jury; first, the value of the west twenty-five feet of Railroad avenue in front of the premises

in question, the title of which, for the purpose of this suit, was held to be in complainant; second, the damages to the premises in question which they have sustained or may sustain by reason of the construction, maintenance and operation of the said electric railroad on the west twenty-five (25) feet of Railroad avenue as aforesaid; and that a single money judgment be entered in accordance with the verdict of the jury. It was further ordered that appellant proceed to have her damages so ascertained within six months, and that in case the appellee railway company failed to pay the money judgment so to be awarded against it within thirty days after the rendition thereof, that the injunction prayed for by appellant should be granted and made perpetual.

The court found that the Chicago & Milwaukee Electric Railway was a corporation organized for the purpose of locating, constructing and operating a system of street railways in the townships, cities and villages of the county of Lake and county of Cook.

In the case of Harvey v. The Aurora and Geneva Ry. Co., 174 Ill. 295, which was an appeal by the property owners from a judgment in condemnation proceedings, on the ground that appellee, being a street railroad, has no right, under the circumstances of the case, to condemn, the court says:

"There is a wide and well understood difference between a railroad organized for general traffic, and a street, horse or dummy railroad. * * * It is clear that section 2 of the act of 1874 confers power upon a street or horse and dummy railroad company to take private property, but the power is a limited one, as is apparent from the language of the section. It declares: 'When it is necessary for the construction, maintenance or operation of such road, or the necessary sidings, side tracks or appurtenances, to take or damage private property, the same may be done.' * * * It thus appears that the managers of the street railway company abandoned the highway and undertook to construct their line of road over private property when it was not necessary to do so in the construction, maintenance or operation of the road. This they had no right to

do. In the construction of the road, if a necessity existed for making a deflection from the highway in order to avoid a heavy grade which would prevent a successful operation of the road, defendant in error would no doubt have the right to take and condemn private property to obviate the difficulty."

When this case again came before the Supreme Court in the case of The Aurora & Geneva Railway Co. v. Harvey, 178 Ill. 477, the court, in speaking of the section of the statute last above referred to, said:

"In the construction of statutes relating to the taking of private property the word 'necessary' should be construed to mean 'expedient,' 'reasonably convenient,' or 'useful to the public,' and can not be limited to an absolute physical necessity. This, we think, was certainly the intention of the legislature when the act was passed."

The court found in this case that appellant was the owner in fee of the strip of land in question and that the same was not a street or highway. Therefore by authority of the cases above named the railway company could, by showing the necessity, as that word is construed by the opinion last above referred to, condemn the strip. It does not appear from the decree, however, that any such showing was made or that there was any attempt on the part of the railway company to condemn before taking the property. The decree, in effect, ordered appellant to institute the proceedings to have her damages ascertained. This was improper, as by law such proceedings must be instituted by the railway corporation in the manner provided for the exercise of eminent domain. Rev. Stat., Chapter 47, Section 2.

The decree also provided that the issue to be made up should be tried by a jury or by the court as the parties should elect. This would seem to require an agreement of the parties as to the manner of trial before further proceedings could be had. We are of opinion that the decree should have provided that the issue be tried by a jury unless the parties should waive the jury and elect to try it by the court.

For the reasons above given the decree will be affirmed

except as to the provision requiring appellant to institute proceedings to have her damages ascertained and the provision requiring the issue to be tried by a jury or by the court as the parties should elect. In these respects the court below is directed to modify the decree so as to provide that the proceedings to condemn be instituted by the railway company, and that the issue to be made up be tried by a jury unless the parties waive a jury and elect to try it by the court.

Appellant will be required to pay two-thirds and appellee one-third of the costs in this court.

Affirmed in part, reversed in part, and remanded with directions.